Case 6:23-cv-00099-ADA   Document 1   Filed 01/03/23   Page 1 of 12

FILED
January 03, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____SM_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RAYMOND LUMSDEN; NORMAN HORTON JR; BENJAMIN BENSON; THOMAS COLEMAN; RAYMOND COBB; PAUL GONZALES; GLENN MACKS; JOSEPH BECK; JORGE MUNGARAY; TOM NAKEDHEAD; JASON MILLER; CALVIN RAMIREZ; AUGUSTINE HERNANDEZ; KRIS TURNBULL; MICHAEL CORONADO; AUGIE VALENZUELA; TONNY EZERNACK; UNDRA CORNELIOUS; MARC FROST; JOSE RAMOS; DARRYL BROWN; BRIAN LOGSDON; DAVID TIJERINA; JORGE BENAVIDES;<br><br>    Plaintiffs,<br><br>v.<br><br>BRYAN COLLIER, in his official capacity as Executive Director of TDCJ; BOBBY LUMPKIN, in his official capacity as Director of TDCJ; C.F. HAZELWOOD, in his official capacity as Director of Religious Services; CEPHUS ANDERSON, in his official capacity as Chaplain of the Hughes Unit; BRUCE ARMSTRONG, as Senior Warden of the Hughes Unit,<br><br>    Defendants. | NO. __6:23-cv-011__<br><br>CIVIL RIGHTS COMPLAINT [1983]<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, plaintiff's pro se and united, who presents the following civil rights complaint and claims for declaratory and injunctive relief as follows:

I. INTRODUCTION

1. This action against the named defendants comes because TDCJ operates a pervasively Christian focused and favored type

1.

"crusade" as outlined in TDCJ Chaplaincy Manual 02.02 (rev.5) that favors and tailors it's religious programming, privileges, opportunities, and freedoms towards the dominant christian inmate population. This, violates the First and Fourteenth Constitutional rights of the plaintiffs, as well as RLUIPA, Equal Protection Clause, and the Separation of Church and State, because plaintiffs are denied the same.

## II. GENERAL ALLEGATIONS

### A. The pervasively Favored Christian Faith

2. The Hughes Unit is a Native American Designated Unit within TDCJ, where there are currently around 400 Native American Designated Inmates. Hughes Unit is only 1 of 5 Native American Units out of 100 units in TDCJ where inmates are allowed to practice the Native American Faith. While Christian, Muslim, Catholic, and Odonist members can practice on any of the 100 units throughout TDCJ, the plaintiffs, cannot.

3. Inmates whom are Christian, receive numerous benefits and privileges provided by the defendants, that are not provided to the Native American Faith Group equally such as:

- Above 100 participants per service;
- Field Ministers and Peer Counselor's for spiritual support/mentoring;
- Chapel Worker Presence;
- Holiday Communal Meals;
- Adequate Worship Time and Chapel Use;
- Band practice for holy instruments;
- Special housing and living conditions;

- Full access to religious items and objects;
- Services and programming during staff shortage;
- Candles for service use;
- Special food provisions from outside vendor's and officer dining room;
- Etc.,etc.,etc...

4. While plaintiffs have filed numerous grievances and I-60 requests for these same privileges, benefits and treatments, along with the 300± other Native American Faith Members, they have been continuously refused and denied to them. Defendants, have been nothing short of indifferent to the requests and grievances in spite of the numerous volume of them.

5. Plaintiffs along with the entire Native American Faith Community have requested the following:

- Holiday Communal Meals for Fasting and celebration;
- Presence of Native American Inmate Spiritual Elder's on the unit as elected by the community;
- Full access to the 46 Sacred/Spiritual Items that are available and provided by TDCJ;
- Holiday services and celebration of Native American Month and during the National Observances;
- Native American Living/Housing Area complete with the same privileges bestowed upon the majority Christian areas, and the Chapel Veteran Group:
    - Projection televisions and Big Screen TV's;
    - Surround sound electronics;
    - Elobarately painted and decorated living areas/housing;
    - Private office use for study, storage, and access;
    - Access to outside vendor purchases of food, movies, books, and entertainments, etc;
    - Access to special prepared food from the officer dining area every week;
    - Etc.

6. Continuously and repeatedly, defendants have refused and denied with deliberate indifference, all of these requests.

7. In line with TDCJ Chaplaincy Manual 02.02 (rev.5), and the "crusade" to enforce Christianity on all of its' inmates, the defendants are indocrinating the unit's Native American Faith Group, as well as all other's.

8. Repeatedly, Christian inmates are encouraged and instructed to enter the private living areas on the unit, seize control of the televisions with Chapel remotes. After, and on a projection television and surround sound speaker system, they blast at peak volume, a Christian themed music and video presentation. Before and after, the Christian inmates pray and promote their agenda and faith upon the plaintiff's and other's who have no control or choice.

9. Plaintiffs have filed grievance to these indocrinations which received the following response from defendant Armstrong, "We will continue to send inmate field ministers into the housing areas to minister to all inmates. It's up to you whether you listen or not." And still, then, the indocrinations continue of the purely Christian faith since no other faith group is allowed to do the same.

10. TDCJ operates a strictly Christian Seminary program on the Darrington Unit that trains and certifies inmates in the purely Christian faith. Only Christian's are allowed to attend , and only Christan "field ministers" are then spread throughout TDCJ to then promote the Christian "crusade" outlined in TDCJ Chaplaincy Manual 02.02 (rev.5), and promoted by defendant Anderson and Armstrong.

11. Plaintiff's were told that TDCJ provides financial support and funding to the Southwest Baptist Seminary College located on the Darrington Unit, which violates the Separation of Church and State. Further, TDCJ accepts donations from Christian sources to be

4.

used primarily on Christian services and inmates. There is not any Native American Programs that train inmates to become Spiritual Advisors within TDCJ.

12. Defendant Anderson has continually refused and denied the plaintiff's equal treatments, privileges, and benefits, citing to the entire community that, "I am the big chief here. You worship and get what I allow you to. Ya'll need Jesus and to quit practicing this witch craft and devil worship."

13. More than 200 grievances have been written against the defendant Anderson, which have gone onto indifferent ears of the other defendants. Still, there are more than 100 grievances in the final stages of the grievance process, in addition to the named plaintiff's, all seeking to enjoin this action in the conclusion.

14. Defendants continue to deny the religious rights of the plaintiff's, as well as the total 400 Native American Faith Member's on the Hughes Unit.

### III. PARTIES

15. Raymond Lumsden is an inmate of Cherokee Descent who is the Speaking Elder of the Hughes Unit Native American Faith Group. At all times relevant to this complaint, has been housed at the Hughes Unit located at 3201 FM 929, Gatesville, Texas, 76597.

16. Norman Horton JR, Benjamin Benson, Thomas Coleman, Jorge Mungaray, and Jason Miller, are the Spiritual Drum Elder's of the Hughes Unit Native American Faith Group. At all times, were housed at the Hughes Unit.

17. Augie Valenzuela is Granfather Elder of the Hughes Unit Native American Faith Group, and the former Speaking Elder of the group for more than five (5) years. He is Lakota Sioux, and currently resides at Kingdom Towers Halfway House at 1629 16th Street, in Lubbock, Texas, 79401. He has fully exhausted his grievances prior to his release in October, and is not moot from this action because he risks possible return to the Hughes Unit or another Native American Unit while on parole to TDCJ.

18. Plaintiffs Raymond Cobb, Paul Gonzales, Glenn Macks, Joseph Beck, Tom Nakedhead, Calvin Ramirez, Augustine Hernandez, Kris Turnbull, Michael Coronado, Tonny Ezernack, Undra Cornelious, Marc Frost, Jose Ramos, Darryl Brown, Brian Logsdon, David Tijerina, and Jorge Benavides, are currently inmates at the Hughes Unit as well as spiritual members/elders in the community. At all times, were at the Hughes Unit relevant to this action.

### Defendants

19. Defendant Bryan Collier is the Executive Director of the TDCJ and at all times had the authority and responsibility to then correct the violations listed in this complaint and failed to do so. At all times, he acted under color of state law.

20. Defendant Bobby Lumpkin is the Director of TDCJ. At all times, shared the responsibility to correct the violations. He also acted under color of state law.

21. Defendant C.F. Hazelwood is the Director of Chaplaincy for TDCJ and answered all of the grievances and complaints of this complaint. At all times, acting under color of state law.

22. Defendant Bruce Armstrong is the Senior Warden at the Hughes Unit, responsible for the immediate redress of the issues presented in this complaint. At all times, he acted under color of state law.

23. Defendant Cephas Anderson, is the Chaplain at the Hughes Unit. He is directly responsible for the violations associated in this complaint, and at all times, acted under color of state law.

## IV.  JURISDICTION AND VENUE

24. Jurisdiction is asserted pursuant to the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of those rights secured by the United States Constitution. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

25. Plaintiff's claims for injunctive relief is authorized by 28 U.S.C. §§ 2283, 2284.

## V.  CAUSE OF ACTION

26. Defendants have violated the constitutional rights of plaintiffs under the First and Fourteenth Amendments, RLUIPA, Equal Treatment Clause, and the Separation of Church and State, by denying equal access to religious services, privileges and benefits, faith programs and ceremonies, religious holidays, and treatments. As well, for the deliberate indifference of these violations after notification. Plaintiffs reassert numbers 1-26, here, now.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray this Court grant the following relief by order:

27. Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated plaintiffs rights, and stating the defendants duties with respect to those rights.

28. Issue an order granting Class Action Certification to name all current Native American Faith Members on the Hughes Unit, as well as any that will arrive in the future.

29. Any other relief that this Court may deem proper and just.

30. Trial by jury is hereby demanded pursuant to notice under Fed. Civ. P. 38(a)(c).

Respectfully submitted in Unity,

_____
Raymond Lumsden 2109472

_____
Norman Horton JR

_____
Benjamin Benson 1564161

_____
Thomas Coleman 1689125

_____
Raymond Cobb 1306425

_____
Paul Gonzales 1309732

Glenn Macks 395256

Jorge Mungaray 1056789

Jason Miller 1361733

Augustine Hernandez 2000616

Michael Coronado 1681652

Tonny Ezernack 2241671

Marc Frost 2311816

Darryl Brown 455872

Joseph Beck 1609927

Tom Nakedhead 835659

Calvin Ramirez 2314728

Kris Turnbull 1692158

Augie Valenzuela 390994

Undra Cornelious 2140750

Jose Ramos 2176043

Brian Logsdon 1488312

9.

_____          _____
David Tijerina  2131183                  Jorge Benavides  1562254

## VII. VERIFICATION

Pursuant to 28 U.S.C. § 1746, plaintiffs declare and attest under penalty of perjury, affixed by their signatures above, that the foregoing are true and correct to the best of their knowledge.

Dated this 26th day of December, 2022, and signed above as such ackowledgment by each plaintiff.

23, December, 2022

Clerk, U.S. District Court- Waco

RE:   Complaint & Motion for Class Certification

Dear Clerk:

   Enclosed is a complaint and motion for the Court. Upon receipt of a case number, payments will be made to the Court as directed by each plaintiff.

   As cited in the motion for Class Certification, and by my estimation as Speaking Elder/Clerk for the Native American Faith Group, there are approximately 220-240 plaintiff's who will seek to enjoin upon the completion of their grievance procedure.

   Some of us went through quickly, and most, were stalled with 40 day extensions, etc. Otherwise there would have been 240 signatures in this complaint. A class action, is beyond necessary!

   We do **not** want money! Only the fairness, equality, and freedoms shared by other faith groups in the practice of our faith. God, and our faith, is all that some of us have left and it's more than worth fighting for. We all worship the same God, Native American's simply do so in a more ceremonious manner, etc.

   Thank You!

   *[signature]*

   Raymond Lumsden #2109472
   Hughes Unit
   3201 FM 929
   Gatesville, TX, 76597

*Please send a copy of the enclosed? I have no way to attain copies for my records. Thank You!*

